IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHRISTIAN BLANCHARD | § § § | |
| vs. | § § § | CASE NO. 6:23-cv-00374-JCB-KNM |
| AT HOME HEALTHCARE | § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On August 1, 2023, the Court ordered Plaintiff to file an amended complaint within thirty days showing a basis for federal court subject matter jurisdiction. The Court sent the Order to Plaintiff via certified mail and received a signed acknowledgment of receipt revealing that Plaintiff received the Order on August 29, 2023.

Instead of filing an amended complaint as ordered, Plaintiff filed a letter on September 28, 2023, stating that the lawsuit was filed in federal court due to advice received in the Smith County district clerk's office. Plaintiff states that the lawsuit is intended to pursue a claim for malpractice and negligence.

Federal courts have only the power authorized them by Congress pursuant to Article III of the Constitution. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331 (1986); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir. 1997). The burden is on Plaintiff, as the party in this case seeking the federal forum, to establish federal jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). An action must be

dismissed if the court determines that subject matter jurisdiction is lacking. FED. R. CIV. P. 12(h)(3).

Plaintiff has not alleged or shown subject matter jurisdiction in this case. The complaint does not reveal diversity of citizenship among the parties. Plaintiff provides Texas addresses for all parties. As a result, the complaint does not state a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332. In the absence of diversity jurisdiction, a plaintiff must allege a cause of action pursuant to federal law to proceed in federal court. The Complaint, however, does not identify a federal law that provides a basis for federal jurisdiction in this case pursuant to 28 U.S.C. § 1331 and none is apparent. Plaintiff states that the lawsuit concerns state law claims for malpractice and negligence. The complaint fails to establish subject matter jurisdiction.

## RECOMMENDATION

It is recommended that the complaint be dismissed without prejudice for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on*

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 3rd day of October, 2023.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE